# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                CRIMINAL ACTION NO. 2:04-cr-00012-1

EARNEST LELAND KEGLER, JR.,

        Defendant.

### MEMORANDUM OPINION AND ORDER

The Court has reviewed the Defendant's pro-se *Motion for Reduction of Sentence § 3582 Pursuant to Retroactivity of Fair Sentencing Act ("FSA") Title 4 Section 404 of the First Step Act* (Document 393), the counselled *Memorandum of Defendant Regarding Eligibility for Reduced Sentence Under First Step Act* (Document 396), and the *Response of the United States to Memorandum of Defendant Regarding Eligibility for Reduced Sentence Under First Step Act* (Document 398).

In addition to the parties' briefing, the Court has reviewed and considered the original Judgment and Commitment Order and Statement of Reasons, plea agreement, Presentence Investigation Report, motions and judgments related to post-conviction proceedings, and a memorandum submitted by the Probation Office. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a) and public safety.

The First Step Act of 2018 (FSA) made certain provisions of the Fair Sentencing Act of 2010 retroactive. The Fair Sentencing Act reduced the disparity in the treatment of cocaine powder and cocaine base, with the effect of increasing the quantity of cocaine base necessary to

trigger mandatory minimum sentences and reducing the sentencing ranges applicable under the Sentencing Guidelines for many crack cocaine offenses.   Section 404(b) of the 2018 FSA permits courts to "impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed."   FIRST STEP ACT OF 2018, PL 115-391, December 21, 2018, 132 Stat 5194.   Sentence reductions are not available if the sentence was previously reduced under the Fair Sentencing Act or if a First Step Act reduction was previously denied on the merits, and courts are not required to reduce any sentence even after finding a defendant eligible for a reduction.   First Step Act § 404(c).   The First Step Act does not specify the statutory mechanism for imposing reduced sentences.   Judge Faber recently applied 18 U.S.C. § 3582(c)(1)(B), which permits courts to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute" and found that no plenary resentencing hearing is required.   *United States v. Banks*, No. CR 1:07-00157, 2019 WL 2221620, at *4 (S.D.W. Va. May 22, 2019) (Faber, J.).   This Court adopts the same procedure.

The Defendant, Ernest Leland Kegler, Jr., asserts that he is eligible for a sentence reduction. He argues that he has served more than the now-applicable Guideline range and seeks a sentence of time served.   The United States concurs that he is eligible for a reduction to a time-served sentence.   Mr. Kegler waives any right to be present at a sentencing hearing in the interests of expediting review of his motion.

Mr. Kegler was charged with conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), enhanced by a 21 U.S.C. § 851 Information.   At the time he was convicted by guilty plea, he was subject to a statutory sentencing range of 20 years to life. Mr. Kegler and the United States stipulated to a drug quantity of between 150 and 500 grams of

cocaine base, resulting in a base offense level of 34.   Following a 2-level enhancement for role in the offense and a 3-level reduction for acceptance of responsibility, the Court found a total offense level of 33 and a criminal history category of VI, resulting in a Guideline range of 240 to 293 months of imprisonment.   On April 28, 2005, the Court sentenced Mr. Kegler to the mandatory minimum of 240 months of imprisonment, followed by the mandatory ten-year term of supervised release.

Under current law, the statutory sentencing range for the drug quantity Mr. Kegler was charged with is five to forty years, increased by the § 851 Information to ten years to life, followed by a term of supervised release of at least eight years.   Because the parties stipulated to a range of between 150 and 500 grams of cocaine base and the Court adopted that stipulation, the corresponding Guideline level cannot be precisely determined.   The base offense level would now be between 26 and 30.   After accounting for the role enhancement and the acceptance of responsibility decrease, the total offense level is between 25 and 29.   The Criminal History Category of VI remains applicable.[1]   That results in a sentencing range of between 110 and 188 months.

Mr. Kegler has been incarcerated for approximately 180 months.   He has completed drug education and treatment programs.   He has received sanctions for giving or accepting money without authorization, possessing unauthorized items, and possessing a hazardous tool.

The Court finds that a sentence reduction to time served, followed by eight years of supervised release, is appropriate in this case.   Mr. Kegler was sentenced to the then-applicable

---

1 The Defendant argues that his fifteen criminal history points are now too old to be counted.   However, the applicable time period for counting prior offenses is calculated based on the time the instant offense commenced, not the date of sentencing.

mandatory minimum, and the sentencing judge noted a number of mitigating factors, including his interest in educational pursuits, his role in the offense, his hardships during childhood, and his efforts to take custody of his younger brothers who were in foster care. The time he has already served approaches the top of the highest potential Guideline range. The Court finds this sentence sufficient, yet not greater than necessary, to accomplish the goals of sentencing set forth in 18 U.S.C. § 3553(a) and to effectuate the purposes of the FSA and the Fair Sentencing Act of 2010.

Having considered Mr. Kegler's original and amended guideline ranges, the original sentencing materials, as well as the applicable sentencing factors, the Court **ORDERS** that the Defendant's pro-se *Motion for Reduction of Sentence § 3582 Pursuant to Retroactivity of Fair Sentencing Act ("FSA") Title 4 Section 404 of the First Step Act* (Document 393) and the counselled *Memorandum of Defendant Regarding Eligibility for Reduced Sentence Under First Step Act* (Document 396) be **GRANTED** and that his sentence be **REDUCED** to **TIME SERVED**, to be followed by **eight years** of supervised release under the terms and conditions originally ordered. The Court further **ORDERS** that the Defendant's release date be calculated within **SEVEN (7)** days of the entry of this Order.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: July 17, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

4